**KAPLAN FOX & KILSHEIMER LLP**
Justin B. Farar (SBN 211556)
12400 Wilshire Boulevard, Suite 910
Los Angeles, CA 90025
Telephone: 310-614-7260
Facsimile: 310-614-7260
Email: *jfarar@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Blair E. Reed (SBN 316791)
Clarissa R. Olivares (SBN 343455)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile:  415-772-4707
Email: *lking@kaplanfox.com*
        *mgeorge@kaplanfox.com*
        *breed@kaplanfox.com*
        *colivares@kaplanfox.com*
*Attorneys for Plaintiff Vy Nguyen and the
Proposed Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VY NGUYEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IGLOO PRODUCTS CORPORATION,<br><br>Defendant. | Case No. 8:25-cv-00716<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Vy Nguyen ("Plaintiff"), by her undersigned counsel, on behalf of herself and a Class of those similarly situated, brings this action against Defendant, and alleges based upon personal knowledge of the allegations pertaining to herself, and upon information, belief, and the investigation of counsel as to all other allegations.

## INTRODUCTION

1.     Defendant Igloo Products Corporation ("Igloo" or "Defendant") is perhaps the most instantly-recognizable brand name for coolers, ice chests, and similar products in the nation.

2.     Defendant designs, manufactures, markets, and sells the Flip & Tow 90 Quart Cooler (the "Flip & Tow Cooler" or "Flip & Tow Coolers")[1] for approximately $80-$140[2] at retailers such as Costco, Target, Dicks, Amazon, and directly from Igloo via their online store. As depicted below, the Flip & Tow Coolers have wheels and a tow handle that, if it functioned as advertised, consumers could



---

[1] The Flip & Tow 90 Quart Cooler product line includes several substantially similar models identified by the following Model/SKU numbers: 34143, 27019, 34202, 34241, 34389, 34424, 34488, 34506, 34527, 34547, 34553, 34577, 34578, 34591, 34608, 34619, 34608, 34619, 34624, 34689, 34724, 34734, 34750, 34752, 34775, 34776, 34789, 34799, 34800, 34818, 34841, 34844, 34869, 34993, 34999, 35003, 35019, 35044, 35045, 35052, 35053, 35054, 35365, 49870, 49928, 49937, 49938, 50680.

[2] https://www.cpsc.gov/Recalls/2025/Igloo-Recalls-More-Than-One-Million-90-Quart-Rolling-Coolers-Due-to-Fingertip-Amputation-and-Crushing-Hazards ("CPSC Cooler Recall Page"), *last accessed on March 27, 2025.*

use to easily and safely transport their full Flip & Tow Cooler to the picnic, beach, or other destination of their choice.

3.      Unfortunately for consumers, the Flip & Tow Coolers do not meet minimum standards of operating with the necessary level of safety. Defendant designed and sold approximately 1,060,000 Igloo Flip & Tow 90 Quart Coolers between January 2019 and January 2025 with a dangerously defective tow handle that can "pinch consumers' fingertips against the cooler, posing fingertip amputation and crushing hazards" (the "Defect").[3]

4.      As a result of this dangerous defect, Defendant and the U.S. Consumer Product Safety Commission ("CPSC") announced on February 13, 2025, a recall of Igloo Flip & Tow 90 Quart Coolers manufactured prior to January 2024 and sold in the United States (the "Recall").[4]

5.      As part of the Recall, consumers have been advised to "immediately stop using the recalled coolers and contact Igloo for a free replacement handle."[5]

6.      The CPSC's urgency is merited, as the CPSC has "received 12 reports of fingertip injuries, including fingertip amputations, bone fractures, and lacerations" caused by the defective Flip & Tow Coolers.[6]

7.      Defendant specifically advertises the tow handle—which it calls a "comfort-grip swing-up rear handle"—and boasts that it "reduces towing force by up to 50% for easy pulling."[7]

8.      Unfortunately, consumers looking for a reliable, portable, and easy-to-use rolling cooler were instead sold, for $80-$140, a dangerously defective and

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *See* https://www.igloocoolers.com/products/ecocool-90-qt-roller-cooler?srsltid=AfmBOoq_FmHxzUw0f6YvKyqBWa3nafWGyRNq6goBHMumjHUiLDxz47X8 ("ECOCOOL Promotional Page") (advertising the "ECOCOOL Latitude 90 Qt Roller Cooler," model number 34776), *last accessed March 27, 2025.*

difficult-to-use Flip & Tow Cooler that poses a risk to them and their children. Indeed, Plaintiff has personally experienced near-constant pinching of her fingers during normal use of the Flip & Tow Cooler and, even prior to the Recall, had limited or stopped use of the Flip & Tow Cooler for this reason.

9.     Moreover, the Recall itself is entirely inadequate. As an initial matter, it provides no monetary remedy whatsoever. Rather than actually recalling and refunding or replacing the unsafe Flip & Tow Coolers, Defendant instead offers only to send a replacement handle kit ("Replacement Handle Kit") to consumers with instructions on how to remove the "recalled tow handle" and replace it with the "new tow handle."

10.     Defendant's Recall process requires consumers to contact Defendant to request the promised Replacement Handle Kit, but does not inform consumers when they can expect their Replacement Handle Kit to arrive.

11.     And when the Replacement Handle Kit does arrive, consumers must attempt to install it themselves, even if they lack the required tools or skills. Given the nature of the Defect, including potential laceration or amputation associated with the tow handles, a remedy that requires consumers to remove the dangerous tow handles and then try to follow instructions to install replacement handles themselves is wholly inadequate and potentially dangerous.

12.     In addition to the Recall process being unduly burdensome on consumers and offering an inadequate remedy, the notice element of the Recall is also inadequate. There is a significant likelihood that the majority of consumers who purchased or who currently own a Flip & Tow Cooler will never learn of the Recall—as was the case for Plaintiff.

13.     This is a dangerous Defect which Defendant knew of or should have known about, and warned customers about, and which has been experienced and reported by disappointed consumers firsthand after the point of sale. No reasonable consumer

would purchase an expensive Flip & Tow Cooler—a product intended for fun, leisurely outings—that has a serious safety Defect that could amputate a finger.

14.    Additionally, while there is a significant resale market for used outdoor equipment such as coolers, the defective, recalled Igloo Flip & Tow Coolers in this case have experienced a significant loss in value and useful life because of these issues.

15.    For these and the additional reasons described herein, the utility of Defendant's conduct in designing, manufacturing, and selling the Flip & Tow Coolers is outweighed by the gravity of the consequences to Plaintiff and Class Members. Moreover, Defendant's conduct as described in this Complaint is immoral, unethical, oppressive, unscrupulous or substantially injurious to Plaintiff and Class Members.

16.    Through this suit, Plaintiff requests a full refund and/or applicable damages on these dangerous Flip & Tow Coolers, as well as all other appropriate relief.

## PARTIES

17.    Plaintiff Vy Nguyen resides in the State of California in Orange County.

18.    Plaintiff Nguyen purchased a Flip & Tow Cooler (model number: 34841) from a Walmart in Orange County in approximately October of 2022.

19.    Defendant Igloo Products Corp. is a Delaware corporation. Igloo's principal place of business is 777 Igloo Road, Katy, Texas 77494.

## JURISDICTION

20.    This Court has personal jurisdiction over the Defendant. The Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d). Defendant has transacted business and affairs in California and has committed the acts complained of in California. The amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and this case is a class action in which some members of the Class are citizens of different states than Defendant. *See* 28 U.S.C.

§ 1332(d)(2)(A). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

21.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c), and (d) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district. Defendant has transacted business and affairs in this district and has committed the acts complained of in this district.

## FACTUAL ALLEGATIONS

### A.    Igloo's Flip & Tow Cooler and Representations

22.    Igloo manufactures, advertises, markets, and sells a variety of coolers, ice chests, and other products throughout the United States of America including in California.

23.    The Flip & Tow 90 Quart Coolers at issue in this lawsuit are sold at various retailers. For example, Defendant sells one now-recalled Flip & Tow Cooler for $139.00 on its website.[8] Costco sells a slightly different, but still recalled, Flip & Tow Cooler for $99.99[9], and Lowes sells yet another recalled Flip & Tow Cooler for $119.00.[10]

24.    Igloo proclaims itself the "go-to-brand for consumers who work hard and play harder" and as "the most recognizable brand of ice chests in the USA!"[11]

25.    Defendant markets the Flip & Tow Coolers at issue as a convenient accompaniment to leisurely outdoor gatherings and meals. Defendant's promotional images are full of young, fun-loving people hiking or picnicking with the Flip & Tow Coolers, or eating summer snacks out of a Flip & Tow Cooler in the bed of a truck.

---

[8] ECOCOOL Promotional Page.

[9] https://www.costco.com/igloo-90-quart-maxcold-latitude-flip-and-tow-wheeled-cooler.product.100893167.html.

[10] https://www.lowes.com/pd/Igloo-Carb-wht-a-sea-blk-90-Quart-Wheeled-Insulated-Chest-Cooler/5015531019?gStoreCode=1019&gQT=1&gRefinements=MEASURE:60%20%E2%80%93%2090%20quarts.

[11] https://www.igloocoolers.com/pages/about-igloo, *last accessed March 27, 2025.*

1
2
3
4
5
6
7
8
9



10  Promotional images[12]

11
12
13
14
15
16
17
18
19



Promotional image[13]

20    26.    On its website, Defendant describes the defective tow handle as a
21  "[c]omfort-grip swing-up rear handle for easy lifting & loading" and claims that the
22  "[f]lip-up tow handle reduces towing force by up to 50% for easy pulling."[14]
23  Defendant further claims that the Flip & Tow Coolers have "[h]ybrid latches have a
24  stainless steel hinge for added durability & secure lid closure" and "[o]versized,

25
26  _____
    [12] ECOCOOL Promotional Page.
27  [13] https://www.igloocoolers.com.
28  [14] ECOCOOL Promotional Page.

durable hinges with stay-open detent helping to avoid the lid accidentally shutting closed."[15]

**B.     The Flip & Tow Cooler Defect and Recall**

27.    Missing from Defendant's fun-loving promotional images and highly marketable features, however, is the image of an injured or severed fingertip.

28.    Following a dozen reports of fingertip injuries, including fingertip amputations, bone fractures, and lacerations, Defendant and the CPSC announced a Recall of approximately 1,060,000 Flip & Tow Coolers designed and sold between January 2019 and January 2025 with a dangerously defective tow handle that can "pinch consumers' fingertips against the cooler, posing fingertip amputation and crushing hazards."[16]

29.    The Recall advises consumers to "immediately stop using the recalled coolers and contact Igloo for a free replacement handle."[17]

30.    Put differently, despite Defendant's representations and images of reliable, convenient, and transportable coolers, the Flip & Tow Coolers in question do not meet the bare minimum standards of operating with the usual and expected level of safety due to the Defect in the Flip & Tow Coolers' design that can crush, lacerate, break, or even amputate consumers' fingertips.

31.    This is an extremely dangerous Defect. As Plaintiff experienced first-hand, the Flip & Tow Coolers regularly pinch or trap fingers while in normal use, and consumers now know what serious consequences those pinches can have.

32.    The Defect is a manufacturing defect present in all Igloo Flip & Tow 90 Quart Coolers.

---

[15] *Id.*

[16] CPSC Cooler Recall Page.

[17] *Id.*

33.    The Flip & Tow Coolers do not display any warning of the dangers posed by the Defect. Nor did Defendant disclose the Defect in any other customer-facing communication.

34.    The Defect renders the Flip & Tow Coolers unfit for the ordinary purpose for which they are used: a safe and reliable method for storing and transporting because it exposes consumers to the risk of significant physical harm while in regular use.

35.    Plaintiff and Class Members would not have bought the Flip & Tow Coolers, or would not have bought them on the same terms, if the Defect had been disclosed.

36.    Accordingly, Plaintiff and Class Members suffered an economic loss at the moment of their purchase of the Defective Flip & Tow Coolers in the form of overpayment and diminution in value.

37.    The Recall does not make Plaintiff whole as it fails to cure this economic loss stemming from the Defective Flip & Tow Cooler. Plaintiff and Class Members would not have purchased a $80-$140 cooler they knew could crush, lacerate, or amputate their fingertip while in ordinary use.

38.    Further, the Recall does not compensate for the diminished value, including resale value, or loss of use of the Flip & Tow Cooler. Indeed, Defendant's Recall notice states that "[c]onsumers should immediately stop using the recalled coolers and register for a free tow replacement handle."[18]

39.    Instead, the Recall offers only a Replacement Handle Kit to consumers with instructions on how consumers must remove the "recalled tow handle" and replace it with the "new tow handle."

40.    Defendant's Recall process requires consumers to contact Defendant to request the promised Replacement Handle Kit, but does not inform consumers when they can expect their Replacement Handle Kit to arrive.

---

[18] *Id.*

41.     And when the Replacement Handle Kit does arrive, consumers must attempt to install it themselves, even if they lack the required tools or skills. Given the nature of the Defect, including potential laceration or amputation associated with the tow handles, a remedy that requires consumers to remove the dangerous tow handles and then try to follow instructions to install replacement handles themselves is wholly inadequate and potentially dangerous.

42.     Through this suit, Plaintiff requests a full refund and/or applicable damages on these dangerous Flip & Tow Coolers, as well as all other appropriate relief.

**PLAINTIFF'S EXPERIENCES**

43.     Plaintiff Vy Nguyen resides in the state of California in the County of Orange.

44.     Ms. Nguyen purchased her Flip & Tow Cooler on sale at Walmart in Orange County in late 2022 for approximately $100.00.

45.     Ms. Nguyen wanted to purchase a safe, reliable, quality cooler from a well-known and recognizable brand.

46.     Ms. Nguyen began experiencing pinching issues with her Flip & Tow Cooler almost immediately after purchasing it, with the Defective handle catching and pinching her fingertips during regular use.

47.     The pinching happened so frequently that Ms. Nguyen limited her use of the Flip & Tow Cooler specifically to avoid being pinched to ensure that she and her child were not injured by it.

48.     Notably, Ms. Nguyen never received formal notice from Igloo of the Recall. Thus, had she not been fortunate enough to happen to hear of this Recall via social media, she likely would never have learned of the Defect and inherent dangers of the Flip & Tow Cooler.

49.     The remedy Igloo has offered through the Recall—that is, providing a Repair Kit—is illusory, and, in any event, entirely insufficient. The purported

remedy, even if actually provided, does not actually address the Defect or make the Flip & Tow Cooler safe, and it certainly does not remedy the false representations and omissions Igloo has made regarding the Flip & Tow Cooler, which enticed Ms. Nguyen to purchase (and overpay) in the first place. It does not make Ms. Nguyen whole.

50.    Ms. Nguyen would not have purchased a Flip & Tow Cooler, or would have paid less and/or sought materially different terms, had she known these Coolers were defective and not as safe as Defendant represented. Defendant's misrepresentations and omissions were substantial factors in Plaintiff's decisions to purchase the Igloo Flip & Tow Cooler.

## TOLLING

### A.    Continuing Act Tolling

51.    As the creator, designer, manufacturer, and seller of the Flip & Tow Cooler, Igloo has had actual knowledge likely for years, and certainly since consumers began complaining of the Defect to the CSPS, that the Flip & Tow Cooler is defectively designed and exposes consumers to risk of injury.

52.    Nonetheless, Igloo issued the Recall only on February 13, 2025.

53.    Thus, at all relevant times, Igloo possessed continuous knowledge of the material dangers posed by the Flip & Tow Cooler, and yet Igloo knowingly continued to allow the sale of the Flip & Tow Cooler. Plaintiff's and Class Members' claims are not time barred.

54.    Moreover, even after the Recall was initiated, there is no evidence that Igloo's Recall Notice has reached all owners of the Flip & Tow Coolers.

55.    Plaintiff and Class Members could not have reasonably discovered and could not have known of these facts, which Igloo publicly disclosed for the first time mere months ago. Indeed, until it issued the Recall, Igloo knowingly failed to disclose material information regarding the existence of the Defect in all Flip & Tow Coolers. Accordingly, no potentially relevant statute of limitations should apply.

**B.    Fraudulent Concealment Tolling**

56.    Any applicable statutes of limitations have been tolled or have not run for the additional reason that Igloo knowingly, actively, and fraudulently concealed the facts as alleged herein. Igloo had actual and constructive knowledge of the dangerous Defect in the Flip & Tow Cooler since consumers began complaining of injuries to the CSPC.

57.    Plaintiff and Class Members have been kept in ignorance of information essential to the pursuit of their claims, and their safety, without any fault or lack of diligence on their part. Igloo's concealment of the Defect in the Flip & Tow Cooler before, during, and after the purchases of Plaintiff's Flip & Tow Coolers prevented them from being on notice of any facts or information that would have required them to inquire whether Igloo fulfilled its duties under the law and, if not, whether Plaintiff and Class Members had legal recourse.

58.    At all times prior to, during, and since the purchase of Plaintiff's and Class Members' Flip & Tow Coolers, Igloo has been under a continuing duty to disclose the true facts regarding the safety Defect in the Flip & Tow Cooler. Because of Igloo's willful concealment of material information concerning the Flip & Tow Cooler over a period of years, Igloo is estopped from relying on any statute of limitations defense as to the claims of Plaintiff and Class Members.

**C.    Discovery Rule Tolling**

59.    Plaintiff and Class Members could not have discovered through the exercise of reasonable diligence that their Flip & Tow Coolers were defective within the time period of any applicable statutes of limitation because, as described herein, only Igloo had that information, and Igloo was concealing that information from the public.

60.    Indeed, Plaintiff only recently became aware of the Flip & Tow Cooler's dangerous Defect through no fault of her own.

61.    Plaintiff and other Class Members could not have reasonably discovered, and could not have known of facts that would have caused a reasonable person to suspect, that Igloo was manufacturing and marketing the Flip & Tow Cooler despite being aware it contained a dangerous Defect.

62.    As such, no potentially relevant statute of limitations should be applied.

## CLASS ACTION ALLEGATIONS

63.    Pursuant to Rule 23(a), (b)(2), and (b)(3), Plaintiff brings this action on behalf of herself and others similarly situated.

64.    Specifically, Plaintiff seeks to represent a class, defined as: "all persons in California who purchased or otherwise own one of the Igloo 90 Quart Flip & Tow Coolers impacted by the Recall (the "Class")."

65.    Excluded from the Class and Subclass are (i) each Defendant, any entity in which a Defendant has a controlling interest or which has a controlling interest in any Defendant, and Defendant's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) Defendant's employees, officers, directors, agents, and representatives and their family members; and (iv) the Judge and staff to whom this case is assigned, and any member of the judge's immediate family.

## CLAIMS FOR RELIEF

### COUNT I
### Violations of the California Consumers Legal Remedies Act
### (Cal. Civ. Code §§1750, *et seq.*)

66.    Plaintiff incorporates by reference and re-allege all prior paragraphs of this complaint as though fully set forth herein.

67.    Plaintiff Vy Nguyen brings this claim on behalf of herself and the Class.

68.    Plaintiff and the Class Members are "consumers" that purchased "goods" in the form of the Flip & Tow Coolers within the meaning of California Civil Code section 1761.

69.    Igloo is a "person" within the meaning of California Civil Code section 1761(c).

70.    The application of the California Consumer Legal Remedies Act to the putative Class in this action is appropriate because Defendant's wrongful conduct alleged herein, includes but is not limited to Defendant's marketing and sale of defective, unsafe coolers in the state of California.

71.    The California Consumer Legal Remedies Act, Cal. Civ. Code §1770(a)(5) & (7) provide, in part, as follows:

> (a)    The unfair methods of competition and unfair or deceptive acts or practices listed in this subdivision undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer are unlawful:
>
> . . .
>
> (5)    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have . . .;
>
> . . .
>
> (7)    Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

72.    Igloo violated California Consumer Legal Remedies Act, Civil Code section 1770(a)(5), *inter alia*, by representing that the Flip & Tow Cooler has characteristics, uses or benefits, which it does not have, and/or Civil Code section 1770(a)(7) by representing that the Flip & Tow Cooler is of a particular standard, quality, or grade, even though it is of another. Such conduct includes, among other things:

a.    Designing, manufacturing, marketing, and selling the Flip & Tow Cooler consumers that contained material, fundamental defects without disclosing such defects to consumers;

b.    Marketing and selling the Flip & Tow Cooler when it was not merchantable for the purpose of providing safe transportation for chilled food and beverages;

c.    Marketing and selling the Flip & Tow Cooler while concealing material facts from Plaintiff and Class Members regarding the defects in the Flip & Tow Coolers that would manifest both within and outside their express or implied warranty periods that would create a safety risk for Plaintiff and Class Members who purchased the Flip & Tow Coolers to provide safe and reliable transportation for their chilled food and beverages;

d.    Concealing from Class Members that Defendant was in breach and intended to breach its warranty obligations as set forth in this complaint.

73.    Concurrently with the filing of the instant Complaint, Plaintiff is sending a CLRA notice of violation and demand letter to Defendant Igloo. Upon response, or non-response within thirty (30) days, to this notice, Plaintiff shall file an Amended Complaint to seek monetary relief from Igloo to provide actual, compensatory, statutory, and/or punitive damages.

**COUNT TWO**
**Unlawful, Unfair, and Fraudulent Business Acts and Practices**
**(Cal. Bus. & Prof. Code §§ 17200 et seq.)**

74.    Plaintiff incorporates by reference and re-alleges all prior paragraphs of this complaint as though fully set forth herein.

75.    Plaintiff Vy Nguyen brings this claim on behalf of herself and the Class.

76.    Igloo's acts and practices constitute unlawful, unfair, and fraudulent business practices in violation of California's Unfair Competition Law, California Business and Professions Code Section 17200, et seq. The application of California's Unfair Competition Law to the putative Class in this action is appropriate because Igloo's wrongful conduct alleged herein includes, but is not limited, to Igloo's marketing and sale of defective, unsafe Flip & Tow Coolers in the State of California.

77.     Defendant engaged in fraudulent, unlawful and unfair business practices in violation of the Unfair Competition Law by, among other things:

a.     Designing, manufacturing, marketing and selling the Flip & Tow Cooler to consumers when it contained material, fundamental defects without disclosing such defects to consumers;

b.     Marketing and selling Flip & Tow Coolers that were not merchantable for the purpose of providing safe transportation for chilled food and beverages;

c.     Marketing and selling Flip & Tow Coolers while concealing material facts from Plaintiff and Class Members regarding the defects in the Flip & Tow Coolers that would manifest both within and outside their express or implied warranty periods that would create a safety risk for Plaintiff and Class Members who purchased the Flip & Tow Coolers to provide safe transportation for chilled food and beverages;

d.     Concealing from Class Members that Defendant was in breach and intended to breach its warranty obligations as set forth in this complaint;

e.     Violating additional laws and regulations as set forth herein; and

f.     Breaching its express and implied warranties with Class Members as set forth herein.

78.     Defendant also violated the Unfair Competition Law because the utility of its conduct as described in this Complaint is outweighed by the gravity of the consequences to Plaintiff and Class Members and because Defendant's conduct as described in this Complaint is immoral, unethical, oppressive, unscrupulous or substantially injurious to Plaintiff and Class Members.

79.     Plaintiff, on behalf of herself and Class Members, has suffered injury in the form of lost money and property, including but not limited to a diminishment in the value and useful life of the Flip & Tow Cooler, as a direct and proximate result of Defendant's fraudulent, unlawful, and unfair business practices and is therefore

1  entitled to equitable relief, including restitution, disgorgement of profits Defendant

2  obtained from its fraudulent, unlawful and unfair business practices, and a permanent

3  injunction that enjoins Defendant from the unlawful practices described herein, as

4  well as attorneys' fees and costs of suit. Cal. Bus. & Prof. Code § 17203.

5                             **COUNT THREE**
                **Violation of California False Advertising Law**
6                  **(Cal. Bus. & Prof. Code §§ 17500, *et seq*.)**

7       80.    Plaintiff incorporates by reference and re-alleges each and every

8  allegation set forth above as though fully set forth herein.

9       81.    Plaintiff Vy Nguyen brings this claim on behalf of herself and the Class.

10      82.    Each of the deceptive and misleading advertising practices of Defendant

11  set forth above constitutes untrue or misleading advertising under the California False

12  Advertising Law ("FAL"), California Business & Professions Code section

13  17500, *et seq*.

14      83.    At all material times, Defendant's statements and marketing and

15  advertising materials misrepresented or omitted material facts regarding the safety of

16  Defendant's Flip & Tow Cooler as set forth in this Complaint. Defendant is

17  disseminating statements, marketing and advertising concerning the useability and

18  safety of its Flip & Tow Cooler that are unfair, untrue, deceptive, or misleading

19  within the meaning of California Business & Professions Code section 17500, *et seq*.

20  Defendant's acts and practices have deceived and/or are likely to continue to deceive

21  Plaintiff, members of the Class, and the public. As set forth above, Defendant's safety

22  and quality claims are deceptive and misleading to reasonable consumers because the

23  tow handle on the Flip & Tow Cooler is defective, making the Flip & Tow Cooler

24  extremely hazardous as it fails to meet average standards of safety. Moreover,

25  Defendant intentionally does not disclose any of this information to consumers and

26  instead represents that the Flip & Tow Cooler is beyond average levels of usability

27  and safety.

28

84.    In making and disseminating the statements alleged herein, Defendant knew or should have known its advertisements were deceptive and misleading. Plaintiff and members of the Class based their decisions to purchase and use Defendant's Flip & Tow Cooler on Defendant's misrepresentations and omissions of material facts.

85.    Plaintiff and Class members are entitled to relief, including enjoining Defendant to cease and desist from engaging in the practices described herein, as well as a declaration of rights that Defendant's safety claims are deceptive and misleading.

**COUNT FOUR**
**Violation of The Song-Beverly Consumer Warranty Act**
**(Cal. Civ. Code §§ 1790 *et seq.*)**

86.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

87.    Plaintiff Vy Nguyen brings this claim on behalf of herself and the Class.

88.    Defendant violated the Song-Beverly Consumer Warranty Act by, among other things, violating the implied warranties of merchantability by knowingly selling defective Flip & Tow Coolers that are unsuitable for their expected use in violation of sections 1791.1 and 1791.2, and were therefore not fit for the ordinary purpose for which the goods were intended to be sold.

89.    Plaintiff and Class Members have complied with all obligations under the warranty or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

90.    Plaintiff seeks restitution and damages as a result of Defendant's unlawful conduct, as well as attorneys' fees and costs of suit.

**COUNT FIVE**
**Breach of the Implied Warranty of Merchantability**

91.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

92.    Plaintiff brings this claim individually and on behalf of members of the Class. In the alternative, Plaintiff brings this claim on behalf of the Class (Cal. Com. Code §§ 2314, 10212).

93.    Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that the Flip & Tow Coolers are merchantable as a reliable, useable, safe cooler for leisurely outings and other purposes.

94.    Defendant breached the warranty implied in the contract for the sale of the Flip & Tow Cooler because it could not "pass without objection in the trade under the contract description," the goods were not "of fair average quality within the description," the goods were not "adequately contained, packaged, and labeled as the agreement may require," and the goods did not "conform to the promise or affirmations of fact made on the container or label." *See* U.C.C. § 2-314(2) (listing requirements for merchantability). As a result, Plaintiff and Class Members did not receive the goods as impliedly warranted by Defendant to be merchantable.

95.    Plaintiff and Class Members purchased the Flip & Tow Coolers relying on Defendant's skill and judgment in properly packaging and labeling the Flip & Tow Coolers.

96.    The Flip & Tow Coolers were not altered by Plaintiff or Class Members.

97.    The Flip & Tow Coolers were defective when they left the exclusive control of Defendant.

98.    Defendant knew that the Flip & Tow Coolers would be purchased and used without additional testing by Plaintiff and Class Members.

99.    The Flip & Tow Coolers were defectively designed and unfit for their intended purpose and Plaintiff and Class Members did not receive the goods as warranted.

100.    As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and Class Members have been injured and harmed because they would not have purchased the Flip & Tow Coolers if they knew the truth about the

Flip & Tow Coolers, and because the coolers they received were worth substantially less than the coolers they were promised and expected.

101.   On behalf of herself and other members of the class, Plaintiff seeks damages.

**COUNT SIX**
**Breach of Express Warranty**

102.   Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

103.   Plaintiff bring this claim individually and on behalf of members of the Class. *See* Cal. Com. Code §§ 2314, 10212.

104.   Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that the Flip & Tow Coolers are merchantable as a reliable, useable, and safe cooler for leisurely outings and other purposes.

105.   Defendant breached the warranty implied in the contract for the sale of the Flip & Tow Cooler because it could not "pass without objection in the trade under the contract description," the goods were not "of fair average quality within the description," the goods were not "adequately contained, packaged, and labeled as the agreement may require," and the goods did not "conform to the promise or affirmations of fact made on the container or label." *See* U.C.C. § 2-314(2) (listing requirements for merchantability). As a result, Plaintiff and Class Members did not receive the goods as impliedly warranted by Defendant to be merchantable.

106.   Plaintiff and Class Members purchased the Flip & Tow Cooler relying on Defendant's skill and judgment in properly designing, manufacturing, packaging, and labeling the Flip & Tow Coolers.

107.   The Flip & Tow Coolers were not altered by Plaintiff or Class Members.

108.   The Flip & Tow Coolers were defective when they left the exclusive control of Defendant.

109.    Defendant knew that the Flip & Tow Coolers would be purchased and used without additional testing by Plaintiff and Class Members.

110.    The Flip & Tow Coolers were defectively designed and unfit for their intended purpose and Plaintiff and Class Members did not receive the goods as warranted.

111.    As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and Class Members have been injured and harmed because they would not have purchased the Flip & Tow Coolers if they knew the truth about the Flip & Tow Coolers and that the Flip & Tow Coolers they received were worth substantially less than the coolers they were promised and expected.

112.    On behalf of herself and other members of the Class, Plaintiff seeks damages.

## COUNT SEVEN
### Unjust Enrichment

113.    Plaintiff incorporates by reference and re-alleges all prior paragraphs of this complaint as though fully set forth herein.

114.    Plaintiff brings this claim individually and on behalf of members of the Class against Defendant. In the alternative, Plaintiff brings this claim on behalf of the Class.

115.    Plaintiff and Class Members conferred benefits on Defendant by purchasing the Flip & Tow Cooler.

116.    Defendant has knowledge of such benefits.

117.    Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class Members' purchases of the Flip & Tow Cooler. Retention of those monies under these circumstances is unjust and inequitable because Defendant represented that the Flip & Tow Cooler are safe for its principal use of reliably and safely transporting chilled food and beverages when it is not.

118.    Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class Members for its unjust enrichment, as ordered by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment on behalf of herself and members of the Class as follows:

A.    For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class, and Plaintiff's attorneys as Class Counsel;

B.    For an order declaring that Igloo's conduct violates the statutes referenced herein;

C.    For an order finding in favor of Plaintiff, the Class on all counts asserted herein;

D.    For actual, compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.    For injunctive relief enjoining the illegal acts detailed herein;

F.    For prejudgment interest on all amounts awarded;

G.    For an order of restitution and all other forms of equitable monetary relief;

H.    For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expense and costs of suit.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

1                            Respectfully submitted,

2   DATED: April 8, 2025       **KAPLAN FOX & KILSHEIMER LLP**

3                           By: /s/ *Justin B. Farar*

4                                 Justin B. Farar

5                           Justin B. Farar (SBN 211556)
                             12400 Wilshire Boulevard, Suite 910

6                           Los Angeles, CA 90025
                             Telephone: 310-614-7260

7                           Facsimile: 310-614-7260
                             Email: *jfarar@kaplanfox.com*

8                         **KAPLAN FOX & KILSHEIMER LLP**
                           Laurence D. King (SBN 206423)

9                         Matthew B. George (SBN 239322)
                           Blair E. Reed (SBN 316791)

10                      Clarissa R. Olivares (SBN 343455)
                         1999 Harrison Street, Suite 1560

11                      Oakland, CA 94612
                         Telephone: 415-772-4700

12                      Facsimile: 415-772-4707
                         Email: *lking@kaplanfox.com*

13                            *mgeorge@kaplanfox.com*
                           *breed@kaplanfox.com*

14                            *colivares@kaplanfox.com*

15                        *Attorneys for Plaintiff Vy Nguyen and the*
                         *Proposed Class*

16

17

18

19

20

21

22

23

24

25

26

27

28